UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MICHAEL WILHELM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:07-CV-178 |
| v. | ) | No. 1:09-CV-94 |
| | ) | *Collier / Lee* |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1), submitted in each of the above cases [Case No. 1:07-cv-178 ("2007 Case"), Doc. 20; Case No. 1:09-cv-94 ("2009 Case"), Doc. 31].[1] Plaintiff seeks a total fee award for work completed in both cases in the amount of $10,725.00.

**I.    BACKGROUND**

In 1:07-cv-178, Plaintiff sought disability benefits as of July 27, 2005. After reviewing the administrative record, the Court remanded Plaintiff's disability claim to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) [2007 Case, Doc. 15]. After Plaintiff's claim was remanded, Plaintiff timely filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") and was awarded fees in the amount of $2,193.00 [2007 Case, Docs. 16, 19].

On remand, the ALJ once again denied Plaintiff disability benefits, and Plaintiff filed case

---

[1] This matter has been referred for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

1:09-cv-94 to appeal the subsequent adverse decision. The Court once again remanded Plaintiff's claim to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g) [2009 Case, Doc. 25]. After this second remand, Plaintiff again timely filed a motion for attorney's fees pursuant to the EAJA and was awarded fees in the amount of $2,337.30 [2009 Case, Docs. 26, 30].

Plaintiff was awarded benefits dating back to January 2006 by letter of June 1, 2011 [2007 Case, Doc. 20 at PageID #: 111-13; 2009 Case, Doc. 31 at PageID #: 116-18]. Plaintiff was represented on a contingency fee agreement, in which Plaintiff's counsel would receive 25% of any past-due benefits award [2007 Case, Doc. 20 at PageID #: 116; 2009 Case, Doc. 31 at PageID #: 122]. Accordingly, 25% of Plaintiff's award, or $16,016.00, was withheld by the Commissioner to pay Plaintiff's attorney [2007 Case, Doc. 20 at PageID #: 112; 2009 Case, Doc. 31 at PageID #: 117]. Plaintiff now moves for a fee award of $10,725.00, which would result in a net fee of $6,194.70 after the setoff of the previous EAJA fee award.

In support of his motions, Plaintiff has submitted an itemized description of the time counsel spent working on each case. The Commissioner has not responded to either of Plaintiff's motions and is therefore deemed to have waived opposition to the request. *See* E.D. Tenn. L.R. 7.2.

## II.     ANALYSIS

The Social Security Act allows a claimant to receive a reasonable attorney's fee, but no more than 25% of his past-due benefits, when he receives a favorable judgment. 42 U.S.C. § 406(b)(1). A judgment ordering either the award of benefits or a remand may be considered "favorable" within the meaning of the statute, so long as the claimant is awarded benefits "by reason of" the judgment. *Id. See also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

An award under § 406(b) differs from an EAJA award, which uses the "lodestar" concept

2

to set a reasonable hourly rate for fees. *Rodriquez v. Bowen*, 865 F.2d 739, 743-44 (6th Cir. 1989). The percentage-based fee award was designed, instead, to "assure adequate compensation" to the attorney and "encourage attorney representation" by taking into account the inherent risk in pursuing an uncertain claim. *Id.* at 744, 746. The fee awarded, however, must nonetheless be reasonable in light of the services provided by the attorney. *Id.* at 745.

In assessing the reasonableness of a fee request, courts should consider whether a fee agreement has been executed between the claimant and the attorney. *Id.* at 746. If so, the court should consider the timing of the agreement—i.e., whether it was executed before litigation commenced or after victory was already certain. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856-57 (6th Cir. 1997). The court should also consider the agreement's terms. *Rodriquez*, 865 F.3d at 746. If the agreement states the attorney will be paid a certain percentage within the statutory range, it is entitled to a rebuttable presumption of reasonableness. *Id.* A deduction from the amount specified by agreement should generally be made only when the claimant's counsel was ineffective or unduly delayed the litigation or where the award would be a "windfall" because of an "inordinately large benefit award" or "minimal effort expended." *Id.* "The reviewing courts . . . should only allow maximum fees for extensive effort on the part of counsel . . . ." *Id.* at 747; *see also Tharp v. Comm'r of Soc. Sec.*, No. 1:08-cv-542, 2011 WL 3438431, at *7 (S.D. Ohio Aug. 5, 2011).

In light of these principles I **FIND** the fee request to be reasonable. The request is supported by a contingency fee agreement that was executed when Plaintiff retained his counsel, and is therefore entitled to a rebuttable presumption of reasonableness. As to the effectiveness of Plaintiff's counsel, he filed dispositive motions and expended sufficient effort in Plaintiff's cause

over several years, beginning in January 2006.

Furthermore, I do not find that the award would be a windfall. Plaintiff's attorney fee request is not inordinately large. *See*, *e.g.*, *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666 (S.D.N.Y. 2010) ($28,934 award under § 406); *Trejos v. Comm'r of Soc. Sec.*, No. 6:07-cv-1100-Orl-28GJK, 2010 WL 2854234 (M.D. Fla. 2010) ($16,889.05 award under § 406). In addition, Plaintiff's requested hourly rate of $375 does not indicate a windfall under the circumstances of this particular case. *See Santiago v. Astrue*, No. 1:08CV3010, 2010 WL 5288170, at *2 (N.D. Ohio Dec. 17, 2010) (hourly rate of $350 does not constitute a windfall). "A hypothetical hourly rate that is less than twice the standard rate [for the legal market] is *per se* reasonable . . . ." *See Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). Finally, the Commissioner has not responded and has not advanced any reason to find Plaintiff's request unreasonable.

In sum, I **FIND** that Plaintiff's fee request is reasonable. I further **FIND** that the previously granted EAJA fee awards ($2,193.00 in the 2007 case, and $2,337.30 in the 2009 case) must be credited to Plaintiff, as Plaintiff's counsel is not entitled to attorney's fees under both EAJA and § 406(b). *See Jankovich v. Bowen,* 868 F.2d 867, 870-871 (6th Cir. 1989); *Tharp,* 2011 WL 3438431, at *8 (stating that attorneys must refund the smaller fee to the claimant when both EAJA and § 406(b) fees are awarded).

### III. CONCLUSION

Accordingly, I **RECOMMEND**[2] that Plaintiff's motions for attorney's fees under 42 U.S.C. § 406(b) [2007 Case, Doc. 20; 2009 Case, Doc. 31] be **GRANTED**; Plaintiff's counsel be awarded a total fee in the amount of **$10,725.00**,[3] and the $4,530.30 EAJA fee award be credited to Plaintiff, for a total fee award to Plaintiff's counsel of $6,194.70.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[3] This award consists of $4,950.00 in the 2007 Case and $5,775.00 in the 2009 Case, to be offset by the respective EAJA awards of $2,193.00 and $2,337.30.